UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, ET AL., <br><br> Defendants. | ) ) ) ) ) ) ) ) Court No. 10-00031 ) ) ) ) ) ) |

### **ORDER**

Upon consideration of defendants' motion to dismiss, plaintiff's response, and all pertinent proceedings, it is hereby

ORDERED that this action is dismissed, and it is further

ORDERED that plaintiffs' request for declaratory and emergency injunctive relief is denied.

Dated: _____, 2010　　　　　　　　　　　　　_____
　　　　New York, NY　　　　　　　　　　　　　　　　　　　　　　　Judge

| | ) | |
|---|---|---|
| AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE, <u>ET</u> <u>AL.</u>, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 10-00031 |
| UNITED STATES, <u>ET</u> <u>AL.</u>, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
<u>DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF</u>**

Pursuant to Rules 12(b)(1) and 12(b)(5) of the Rules of this Court, defendants, the United States, <u>et al.</u>, respectfully request that the Court dismiss this action because: plaintiffs' (collectively "AFM's") request for a declaratory judgment, in reality, seeks an impermissible advisory opinion with respect to a hypothetical unripe future Court action; plaintiffs' request for an affirmative injunction fails to meet the requirements for the issuance of a writ of <u>mandamus</u>; and, moreover, AFM has claimed harm that is purely speculative and further has failed to demonstrate a likelihood of success on the merits.

**BACKGROUND**

The Department of Commerce ("Commerce") issued final results in the third administrative review of the antidumping duty order covering wooden bedroom furniture from China. <u>Wooden Bedroom Furniture from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and New Shipper Reviews</u>, 74 Fed. Reg. 41374 (Dep't of Commerce Aug. 17, 2009) ("final results"). On October 29, 2009, Commerce published amended final results that corrected certain ministerial errors that were made in the

1

final results.  Wooden Bedroom Furniture From the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review and New Shipper Reviews, 74 Fed. Reg. 55810 (Dep't of Commerce Oct. 29, 2009) ("amended results").  For some separate rate respondents, the amended results contain a dumping margin different from that determined in the final results, and some of those respondents' rates exceeded the estimated duties that were deposited during the period of review.  See, e.g., Cmpl. at ¶ 4.

Commerce then issued liquidation instructions.  AFM Br. at 3-4.  We do not contest that certain entries addressed in AFM's complaint at paragraph four will remain unliquidated as of February 17, 2010, which will be exactly six months after Commerce issued the final results.  The six-month date following issuance of the amended results, however, is not until April 29, 2010.

AFM then initiated this action, which essentially seeks an advisory opinion upon whether an importer may successfully challenge a liquidation in accordance with the amended results that occurs after February 16, 2010.  In the alternative, AFM seeks a writ of mandamus, styled as an "emergency injunction order" compelling United States Customs and Border Protection ("CBP") to "take all steps necessary to ensure liquidation before February 17, 2010 of the entries" that are subject to its complaint.

## ARGUMENT

**I.      Standard Of Review**

    **A.      Motion To Dismiss**

The plaintiff bears the burden of pleading and proving the requisite jurisdictional facts to establish the Court's jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178,

188-89 (1936); Juice Farms, Inc. v. United States, 68 F.3d 1344, 1345 (Fed. Cir. 1995); Elkem Metals Co. v. United States, 44 F. Supp. 2d 288, 292 (Ct. Int'l Trade 1999).

In deciding a motion to dismiss for failure to state a claim for which relief may be granted, the Court addresses whether the facts alleged would entitle the plaintiff to the relief requested. "While a complaint attacked by a Rule 12(b)([5]) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009) (pursuant to Twombly, complaint must "nudge[] . . . claims . . . across the line from conceivable to plausible."). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S.Ct. at 1949.

### B. Writ of Mandamus

Mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. United States Dist. Court, 542 U.S. 367, 381 (2004) (internal quotations omitted). The Cheney Court explained that, because "the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." Id. (internal quotations and citation omitted). First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires." Id. (internal quotations omitted, bracketing by Court). Second, "the petitioner must satisfy the burden of showing that [his] right to issuance

of the writ is clear and indisputable." Id. (internal quotations omitted, bracketing by Court).
Third, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."

### C. Injunctive Relief

A preliminary injunction is an "extraordinary and drastic remedy" that should be granted only sparingly. See Munaf v. Geren, 128 S.Ct. 2207, 2219 (2008); Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). To demonstrate entitlement to a preliminary injunction, AFM must establish: (1) that it will suffer immediate and irreparable injury; (2) that it is likely to succeed on the merits; (3) that the public interest is served by issuance of a preliminary injunction; and (4) that the balance of hardship weighs in its favor. Titan Tire Corp. v. Case New Holland Inc., 566 F.3d 1372, 1375-76 (Fed. Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008) (citing Supreme Court cases)); United States Ass'n of Imps. of Textiles and Apparel v. Dep't of Commerce, 413 F.3d 1344, 1346 (Fed. Cir. 2005) ("US-AITA"). Furthermore, the party requesting a preliminary injunction must demonstrate that such relief is appropriate by a "clear showing." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). And, Plaintiffs must present additional evidence of immediate irreparable harm if their motion is to prevail. Altx, Inc. v. United States, 211 F.Supp.2d 1378, 1381 (Ct. Int'l Trade 2002). Speculative evidence of harm is insufficient. Trent Tube Div., Crucible Materials Corp. v. United States, 744 F. Supp. 1177, 1179 (Ct. Int'l Trade 1990).

### II. Declaratory Relief Is Unavailable

Declaratory relief is unavailable under the correct standard of review. Discarding two decades of recent, binding precedent, AFM relies solely upon Minnesota Mining and Manufacturing. Co. v. Norton Co., 929 F.2d 670, 672-73 (Fed. Cir. 1991) ("3M"), to contend

4

that the Court may issue an advisory opinion upon liquidation if "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." AFM Br. at 11-12 (quoting 3M, 929 F.2d at 672-73). However, this lenient standard has long been cast aside by the Supreme Court and the Court of Appeals for the Federal Circuit, and the Supreme Court recently expressed the correct standard to apply when determining whether to issue a declaratory judgment.

The Court explained that, for a declaratory judgment to enter, "the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Medimmune, Inc. v .Genetech, Inc., 549 U.S. 118, 127 (2007) (internal quotation marks deleted, bracketing by Court). The Federal Circuit further acknowledged this standard in Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1343-44 (Fed. Cir. 2007), and concluded that the new stricter standard for declaratory relief had abrogated its previous, more lenient, "reasonable apprehension of *imminent* suit," id. at 1343 (italics by court), test for determining declaratory judgment jurisdiction. Indeed, AFM's "apprehension" is not enough.

In this case, AFM may have been able to meet the lenient 3M standard or some variant of the old "reasonable apprehension" standard. Nevertheless, the 3M test has been abrogated by binding Supreme Court and appellate court precedent, and AFM cannot meet the stricter Medimmune standard. First, AFM's threshold contention is that "[b]ecause of an unresolved controversy regarding when duties for the Amended Results Entries must be liquidated, Customs is not taking the steps necessary to ensure liquidation by February 17, 2010." AFM Br. at 4. But

AFM does not claim that this contention is disputed and thus identifies no controversy. Indeed, AFM concedes that it and the Government agree that deemed liquidation pursuant to 19 U.S.C. §1504(d) will occur six months after the issuance of the amended results, on April 29, 2010. AFM Br. At 11 ("Plaintiffs and Defendants agree that the Amended Results should be the basis for liquidation . . ."). Likewise, the Court may not issue a declaratory judgment unless it "touch[es upon] the legal relations of parties having adverse legal interests." Medimmune, 549 U.S. at 127; Benitec, 495 F.3d at 1343 (same). This adversarial requirement is not a mere nicety. It lies at the heart of the adversarial system and Article III's requirement that there be a "case or controversy" before the Courts may adjudicate the rights of parties. Indeed, this constitutional requirement prevents the courts from entering the sphere of the Legislative Branch, which is the correct place for a group of parties who agree upon a question to seek redress.

In sum, this is neither the time nor the place for the Court to state what the law is, because there is no case or controversy upon the question presented by AFM. Therefore, we respectfully request that the Court dismiss AFM's claim for declaratory relief.

### III. Mandamus Relief Is Unavailable

AFM contends that it possesses a clear right to relief and that the Government has a clear duty to provide that relief. See, e.g., AFM Br. at 6. However, AFM erroneously characterizes the analysis that should govern. The relief that AFM seeks is not simply liquidation in accordance with the amended results. If that were so, then AFM would possess a much stronger case. In reality, the question is whether AFM is entitled to liquidation before February 17, 2010. AFM has failed to show a "clear and indisputable" right to that relief, or a "clear and indisputable" duty for CBP to provide that relief. Cheney, 542 U.S. at 381. Rather, AFM's brief devotes inordinate space to speculation about a risk that an inapposite Court decision may lead to

the future creation of a new rule that would be adverse to AFM's interests. AFM Br. at 13-16 (citing <u>Mazak Corp. v. United States</u>, slip op. 09-124 (Ct. Int'l Trade Oct. 29, 2009)). In sum, the drastic remedy that AFM seeks cannot hinge upon what AFM itself characterizes an "unsettled" right and an "unsettled" duty. <u>Id.</u> at 15. Lastly, <u>mandamus</u> relief is not "appropriate under the circumstances," Cheney, 542 U.S. at 381, because the harm that AFM alleges is purely speculative and can easily be remedies administratively, if it does occur.

## IV. <u>Injunctive Relief Is Unavailable</u>

### A. <u>AFM's Claim Of Harm Is Speculative</u>

AFM cannot demonstrate that it will suffer immediate irreparable harm absent injunctive relief. First, even if the subject entries were deemed liquidated on February 17, 2010, CBP could still reliquidate the entries within 90 days for any reason under 19 U.S.C. § 1501. Second, AFM's claimed harm is purely speculative and is based upon an assumption that a number of cascading, hypothetical events would result in it being deprived of enforcement of the antidumping duty law.

"A liquidation made in accordance with section 1500 or 1504 of this title . . . may be reliquidated in any respect by the Customs Service . . . within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer." <u>Id.</u> Contrary to AFM's contention at pages 17 and 18 of its brief that section 1501 is inapplicable, even if the entries were deemed liquidated on February 17, 2010, CBP would be able to reliquidate the entries for any reason within 90 days - - by May 18, 2010, at the earliest in this case.

Additionally, AFM's claimed harm hinges upon a hypothetical course of events that has not yet occurred and thus should be rejected as speculative. To suffer the harm that it alleges, after CBP timely liquidated the entries before April 29, 2010, the importer would be required to

7

protest the liquidation and then either prevail in its protest or in a Court action pursuant to 28 U.S.C. § 1581(a). That any of these events will occur is purely speculative and should not be the basis for showing immediate and irreparable injury. Trent Tube, 744 F. Supp. at 1179.

Lastly, AFM overstates the possibility of harm because its contention that Mazak would compel liquidation within six months of the final results falls flat given the facts of that case. In addition to the reasons why the amended results should be the date from which the six-month liquidation period runs identified at page 14 of AFM's brief (citing Shima America Corp. v. United States, 30 Ct. Int'l Trade 1532, 1536 (2006)), Mazak supports use of the amended results under the facts here. The holding in Mazak not only turned on the absence of a change in Mazak's rate between the original and amended results, but also, the Court devoted the bulk of its analysis to discussing why there could not have been any change in Mazak's rate. See Mazak, slip op. at 19-21 (noting how Mazak had received the "all-others" rate, which was not susceptible to ministerial error analysis). Similarly, the Mazak court specifically analyzed the purpose of the six-month deemed liquidation provision and concluded that where the amended final results do not change the rate, the commencement should occur on the date of the publication of the final results. Here, it is uncontested that the separate rates respondents' rates changed with the publication of the final results and only when the amended results were published did Commerce provide "interested parties with the necessary certainty and unambiguity emphasized by Congress and the Federal Circuit." Id. at 21. In sum, AFM overstates the threat from Mazak.

### B. AFM Has Failed To Demonstrate A Likelihood Of Success

AFM's motion for injunctive relief should also fail because it cannot demonstrate a likelihood of success on the merits for its declaratory judgment action. Because, as we

demonstrate above, AFM has failed to invoke the Court's jurisdiction in its attempt to obtain a declaratory judgment, injunctive relief is unavailable. US-AITA, 413 F.3d at 1346.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss this action.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ PATRICIA M. McCARTHY
Assistant Director

/s/ STEPHEN C. TOSINI
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., NW
Attn.: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel.: (202) 616-5196
Fax: (202) 514-7965

February 7, 2010                          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2010, I caused to be served copies of DEFENDANTS' MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR DECLARATORY AND EMERGENCY INJUNCTIVE RELIEF" by electronic service upon:

J. Michael Taylor
King & Spalding, LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006

/s/ Stephen C. Tosini