Slip Op. 10-18

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                      :

AMERICAN FURNITURE               :
MANUFACTURERS COMMITTEE FOR  :
LEGAL TRADE and VAUGHN-BASSETT :
FURNITURE COMPANY, INC.        :
                                                      :
          Plaintiffs,               :
                                                        :     Before:      WALLACH, Judge
      v.                             :     Court No.:   10-00031
                                                      :
UNITED STATES et al.            :
                                                      :
          Defendants,          :
_____:

[Plaintiffs' Motion for Preliminary Injunction is DENIED.]

King & Spalding, LLP (J. Michael Taylor) for Plaintiffs American Furniture Manufacturers Committee for Legal Trade and Vaughn-Bassett Furniture Company, Inc.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Brach, Civil Division, U.S. Department of Justice (Stephen C. Tosini), for Defendant United States.

**OPINION**

**Wallach, Judge:**

**I**
**INTRODUCTION**

Plaintiffs American Furniture Manufacturers Committee for Legal Trade and Vaughn-Bassett Furniture Company, Inc. (collectively, "Plaintiff") seek preliminary equitable relief to establish their position that, for purposes of 19 U.S.C. § 1504(d), the six-month period for deemed liquidation restarted upon publication of Wooden Bedroom Furniture from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review and New Shipper Reviews, 74 Fed. Reg. 55,810 (October 29, 2009) ("Amended Results").

Complaint at 9-10, 13.  Because Plaintiff does not satisfy the standard for a preliminary

injunction, its requested relief is denied.  In losing its battle, however, Plaintiff in fact wins its

war.  The position of Defendants United States; U.S. Customs and Border Protection;

Commissioner, U.S. Customs and Border Protection, U.S. Department of Commerce; and

Secretary, U.S. Department of Commerce (collectively, "Defendant") that the six-month period

for deemed liquidation commenced upon publication of the Amended Results is both legally

correct and establishes exactly the legal posture sought by Plaintiff.

## II
## BACKGROUND

In August 2009, the U.S. Department of Commerce ("Commerce") rendered its

determination in the antidumping duty order review of wooden bedroom furniture from the

People's Republic of China, covering the period of review between January 1, 2007 and

December 31, 2007 ("POR"). Wooden Bedroom Furniture from the People's Republic of China:

Final Results of Antidumping Duty Administrative Review and New Shipper Reviews, 74 Fed.

Reg. 41,374, 41,375 (August 17, 2009) ("Final Results").  Commerce assigned an antidumping

margin of 29.98 percent for specified exporters of the entries subject to the instant antidumping

duty administrative review ("subject entries"). Id. at 41,380.  This antidumping margin was

significantly higher than the cash deposit rate applicable during the POR for the exporters of the

subject entries, which rate was based upon prior administrative reviews. See Complaint at 2-3

(citing Notice of Amended Final Determination of Sales at Less Than Fair Value and

Antidumping Duty Order/Pursuant to Court Decision: Wooden Bedroom Furniture From the

People's Republic of China, 71 Fed. Reg. 67,099 (November 20, 2006), Wooden Bedroom

Furniture from the People's Republic of China: Final Results of the 2004-2005 Semi-Annual

New Shipper Reviews, 71 Fed. Reg. 70,739 (December 6, 2006)).

On October 29, 2009, Commerce published the Amended Results, changing the

antidumping margin for the subject entries from 29.98 percent to 29.89 percent. Amended

Results, 74 Fed. Reg. at 55,811.  Plaintiff thereafter requested that Defendant take actions

necessary to liquidate the subject entries pursuant to the Amended Results. Declaration of J.

Michael Taylor ("Taylor Decl.") ¶¶ 8, 10-14.  Specifically, Plaintiff expressed concern that if

Defendant did not liquidate the subject entries by February 17, 2010—six months after

publication of the Final Results—the entries would be deemed liquidated at the significantly

lower cash deposit rate by operation of 19 U.S.C. § 1504(d). Id. ¶¶ 10, 13.  Pursuant to this

statute, entries not liquidated by U.S. Customs and Border Protection ("Customs") within six

months of notice from Commerce "shall be treated as having been liquidated at the rate" initially

asserted by the importer. 19 U.S.C. § 1504(d).  Defendant informed Plaintiff that the subject

entries would remain unliquidated as of February 17, 2010.[1] Taylor Decl. ¶ 15.

Plaintiff filed this case on February 4, 2010, asserting jurisdiction under 28 U.S.C. §

1581(i). Complaint at 5, 13.  Plaintiff seeks, inter alia, "an emergency injunction ordering

Customs to liquidate" the subject entries pursuant to the Amended Results "before February 17,

2010." Id. at 13.  Concurrently with the filing of its Complaint, Plaintiff filed two motions

requesting preliminary injunctive relief. Plaintiffs' Motion for Expedited Declaratory Judgment

or, in the Alternative, Emergency Injunctive Relief; Plaintiffs' Motion for Temporary

Restraining Order and Preliminay [sic] Injunction.  In opposing these motions, Defendant filed a

motion to dismiss. Defendants' Motion to Dismiss and Response in Opposition to Plaintiffs'

---

[1] Accordingly, agency action is sufficiently final to require court intervention. See 5 U.S.C. § 706.

Motion for Declaratory and Emergency Injunctive Relief ("Defendant's Motion to Dismiss").  In

its motion, Defendant emphasizes the agreement between Plaintiff and Defendant "that deemed

liquidation pursuant to 19 U.S.C. 1504(d) will occur six months after issuance of the [Amended

Results], on April 29, 2010." Id. at 6 (emphasis added) (citation omitted).

## III
## STANDARD OF REVIEW

Courts examine the following four factors in determining whether to grant preliminary

equitable injunctive relief:

> (1) a reasonable likelihood of success on the merits;
> (2) irreparable harm if an injunction is not granted;
> (3) a balance of hardships tipping in [the movant's] favor; and
> (4) the injunction's favorable impact on the public interest.

Altana Pharma AG v. Teva Pharms. USA, Inc., 566 F.3d 999, 1005 (Fed. Cir. 2009) (citations

omitted).

## IV
## DISCUSSION

Plaintiff is not entitled to a preliminary injunction because none of the four factors weigh

in its favor.

## A
## Plaintiff Is Not Likely To Succeed On The Merits

Plaintiff is unlikely to succeed on the merits because the applicable case law

demonstrates that the six-month period for deemed liquidation of the subject entries commenced

upon publication of the Amended Results.  This court and the Federal Circuit recognize that the

period for deemed liquidation commences upon publication of the results of an antidumping duty

order administrative review. Int'l Trading Co. v. United States, 24 CIT 596, 601, 110 F. Supp. 2d

4

977 (2000) ("Int'l Trading I"), aff'd Int'l Trading Co. v. United States, 281 F.3d 1268 (Fed. Cir.

2002) ("Int'l Trading II").  This outcome is based upon legislative history of 19 U.S.C. § 1504(d)

revealing the statutory purpose to "increase certainty in the customs process for importers, surety

companies, and other third parties with a potential liability relating to a customs transaction."

Int'l Trading I, 24 CIT at 604 (citation omitted); Int'l Trading II, 281 F.3d at 1272 (citation

omitted).

Where the final results of an administrative review are substantively amended, as here

with respect to the subject entries, the deemed liquidation period commences upon publication of

the amended results.  This interpretation comports with the rationale underlying the deemed

liquidation statute because ignoring such substantive changes will engender confusion, rather

than "increase certainty in the customs process." Int'l Trading I, 24 CIT at 604 (citation

omitted); Int'l Trading II, 281 F.3d at 1272 (citation omitted).  Although this court in October

2009 found the deemed liquidation period to have commenced upon publication of the final

results as opposed to subsequent amended results, that case is expressly limited to where the

challenged antidumping margin "did not change" between results. See Mazak Corp. v. United

States, 2009 Ct. Intl. Trade LEXIS 132, at *23 (October 29, 2009).  As this court noted in

Mazak, "Defendant's argument that the Amended Results impacted Mazak's antidumping rate is

thus ill-conceived, as the all-others rate remained unaltered." Id. at *25 (emphasis added).

Mazak is readily distinguishable from the challenge Plaintiff fears will be initiated by

importers of the subject entries, because the margins assigned to the pertinent exporters did

change between the Final Results and Amended Results. See Complaint at 2, Mazak, 2009 Ct.

Intl. Trade LEXIS 132, at *22-25.  Therefore, with respect to the exporters assigned different

antidumping margins in the <u>Final Results</u> and <u>Amended Results</u>, the six-month period for

deemed liquidation commences upon publication of the <u>Amended Results</u> and runs on April 29,

2010.  It could not be otherwise, because under the statutory scheme enacted by Congress, the

United States must have up to six months (though no more than that) to fulfill its mandate.

Given this correct interpretation of 19 U.S.C. § 1504(d), Plaintiff is not at all likely to succeed on

the merits.

**B**
**Plaintiff Will Not Be Irreparably Harmed Without The Injunction**

The interpretation of 19 U.S.C. § 1504(d) rendering Plaintiff unlikely to succeed on the

merits similarly negates the requisite irreparable harm.  In alleging irreparable harm if an

injunction does not issue by February 17, 2010, Plaintiff argues that importers of the subject

entries might file suit under 28 U.S.C. § 1581(a) to establish that deemed liquidation occurred

within six months of the <u>Final Results,</u> in which case Plaintiff would not be able to intervene

pursuant to 28 U.S.C. § 2631(j)(1)(A).[2] Plaintiffs' Response in Opposition to Defendants'

Motion to Dismiss at 6.  However, the applicable case law and legislative history demonstrate

that the deemed liquidation period for the subject entries commences upon publication of the

<u>Amended Results</u>. <u>See</u> <u>supra</u> Part IV.A.  Since the importers of the subject entries would not

succeed on the merits in the challenge envisioned by Plaintiff, there will not be any "irreparable

harm if an injunction is not granted." <u>Altana Pharma</u>, 566 F.3d at 1005.

**C**
**The Balance Of Hardships And Public Interest Factors Favor Defendant**

Plaintiff seeks emergency injunctive relief to compel liquidation of the subject entries

_____

[2] In such a circumstance, Plaintiff could, however, seek to participate as <u>amicus curiae</u>. <u>See</u> USCIT R. 76.

pursuant to the Amended Results prior to February 17, 2010. Complaint at 13.  Defendant

correctly interprets 19 U.S.C. § 1504(d) when it concludes that the subject entries will be

deemed liquidated on April 29, 2010. See Defendant's Motion to Dismiss at 6; supra Part IV.A.

Plaintiff is here asking this court to prematurely interpret 19 U.S.C. § 1504(d) and prematurely

compel Defendant to act.  This relief imposes a substantially greater hardship on Defendant

because it interferes with a systematic approach to liquidation.  Moreover, Plaintiff is asking this

court to turn on its head the ordinary approach for reviewing agency action.  Courts are to assess

agency action to determine whether it is consistent with statutory language and otherwise

reasonable. See Chevron U.S.A. Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842,

104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984).  Rather than compel Defendant to act prior to the

deemed liquidation occurring, the public interest is best served here by allowing Defendant to

liquidate the subject entries pursuant to its correct legal interpretation and without preemptive

judicial interference.

## V
## CONCLUSION

For the above stated reasons, it is hereby ORDERED that Plaintiffs' Motion for

Preliminary Injunction is DENIED.

__/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: February 16, 2010
      New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                          Deputy Clerk